(No. 2390—

LENORA E. FINCH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1935.*

DOYLE, SAMPSON & GIFFIN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim was filed June 1, 1934 and alleges that Gelon L. Finch, the husband of the claimant, was, on the 14th day of March, 1934, employed by the State of Illinois as a janitor in the engine room in the Power Plant owned, maintained and operated by the State of Illinois on Monroe Street in Springfield, Illinois, and while in the performance of his duties he was engaged in the maintenance of a structure and was engaged in an enterprise wherein machinery, appliances were placed, used and operated, and an enterprise on which statutory and municipal ordinance regulations were imposed for the regulating, guarding, placing and use of machinery or appliances, or for the protection and safeguarding of employees or the public therein.

It is further alleged that on the 14th day of March, 1934 at about ten o'clock A. M. the husband of the claimant was engaged in his usual, customary course of employment and was cleaning and washing certain walls in the engine room in the Plant aforesaid, and while so engaged, fell from a ladder upon which he was working; and as a direct and proximate result thereof on the said 14th day of March, 1934, sustained injuries from which he died on said date.

The claim further alleges that the deceased left him surviving his widow, whom he was under obligation to support, and who was wholly dependent upon him, and damages in the sum of Sixty-one Hundred Twenty-eight Dollars ($6,128.00) were asked. No compensation was paid to the claimant and no salary received on behalf of the deceased since the date of injury, and the sum of Eight Dollars ($8.00) was paid for surgical attention by the claimant.

It appears from the evidence that on the date of the injury the State received notice thereof and the decedent was taken to St. John's Hospital at Springfield, and he either died on the way to the hospital or immediately after arriving there.

The average annual earnings of the deceased at the time of the injury was the sum of Fifteen Hundred Thirty Dollars ($1,530.00) consisting of a yearly salary of Thirteen Hundred Fifty Dollars ($1,350.00) payable monthly, and a pension from the United States Government of Fifteen Dollars ($15.00) per month.

He left his widow but no children under sixteen years of age. No question arises as to notice and it appears that the decedent met his death while in the employment of the State and the cause of his death arose out of and in the course of his employment. He had fallen from a six foot ladder which he had supported from a place above the engine room switch-board. His injuries were serious and he was removed to St. John's Hospital in an ambulance and a doctor called.

Louis Jetter, a fellow employee, went to the hospital in the ambulance. Finch died before medical attention could be given, of a skull fracture. John Hill was employed in the State Power Plant as engineer and was present when the accident occurred. Decedent was, at the time he received the injury from which he died, cleaning the tile walls of the en-

gine room of the Power Plant and was using a step ladder from which he fell to the tile floor of the engine room. He struck upon his head and shoulders. Hill could not reach him in time to prevent the accident, but when he did reach him, the blood was gushing from his nose and mouth. They immediately called the Superintendent of the Power Plant and he called an ambulance and the deceased was removed to St. John's Hospital.

This case comes clearly within the Compensation Act which Act provides that if the employee leaves him surviving any widow, child or children whom he is under obligation to support at the time of his injury, he should be paid a sum equal to four times the average annual earnings of the employee, but not less in any event than Twenty-five Hundred Dollars ($2,500.00), and not more in any event than Four Thousand Dollars ($4,000.00).

His annual earnings being Thirteen Hundred Fifty Dollars ($1,350.00), the claimant is entitled to compensation in the maximum amount provided by the Workmen's Compensation Act or $4,000.00.

We cannot treat a pension granted by the United States as earnings under the Compensation Act or use it as a basis for figuring the amount due on a death claim for one reason at least, because the Compensation Act fixes the maximum amount as being four times the annual earnings, and considers the earnings as wages, and ''earnings'' in this case would not include a pension from the United States.

The widow of the deceased also paid a doctor's bill amounting to $8.00.

The deceased was paid $1,350.00 annually or $25.98 per week. Under the Compensation Act, his widow is entitled to $4,000.00 plus the doctor's bill, this to be paid weekly at the rate of $12.98. The deceased died on March 14, 1934. Assuming that the Legislature will make this appropriation, before any money can be paid to her, it will be at least July 1, 1935, or one year and 15 3/7 weeks will have elapsed. Therefore, by July 1, 1935, the accumulated payments will amount to 67 3/7 weeks at $12.98 per week, or $875.22.

Claimant has filed a petition for a lump sum settlement, and under the showing made, we believe that it will be to her advantage that a lump sum settlement be made.

The difference between the sum of $4,000.00 and $875.22, is the sum of $3,124.78. The value of the last mentioned sum as of July 1st of this year, figured according to the value of tables, amounts to $2,922.54. Adding together the $8.00 doctor bill, $875.22, the accumulated payments as of July 1, 1935, and the sum of $2,922.54, makes a total sum of $3,805.76.

We, therefore, recommend an award in the sum of $3,805.76.